# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON C. ROBINSON, an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>GENPACT COLLECTIONS, LLC; GENPACT LLC; GENPACT INSURANCE ADMINISTRATION SERVICES INC.; GENPACT REGISTERED AGENT, INC.; GENPACT INTERNATIONAL, LLC; GENPACT SERVICES LLC; GENPACT SOLUTIONS, INC.; GENPACT MANAGEMENT CONSULTANTS, LLC; GENPACT US SERVICES, LLC; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO: CV 24-2646-GW-PVCx<br><br>**ORDER REGARDING STIPULATION TO PROCEED WITH INDIVIDUAL ARBITRATION** |

188170935.3

[PROPOSED] ORDER REGARDING STIPULATION TO PROCEED WITH INDIVIDUAL ARBITRATION

# **ORDER**

The Court has reviewed the Stipulation to Proceed with Individual Arbitration (Dkt. #12) (the "Stipulation") filed by Plaintiff Aaron C. Robinson ("Plaintiff") and Defendants Genpact Collections, LLC, Genpact LLC, Genpact Insurance Administration Services Inc., Genpact Registered Agent, Inc., Genpact International, LLC, Genpact Services LLC, Genpact Solutions, Inc., Genpact Management Consultants, LLC, and Genpact US Services, LLC ("Defendants") (collectively, the "Parties"). The Court hereby adopts the Stipulation and ORDERS as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., Plaintiff's claims contained within the operative Complaint shall be submitted to final and binding arbitration on an individual basis in accordance with the Arbitration Agreement attached as Exhibit A to the Stipulation;

2. Defendants shall pay Plaintiff's portion of any initial filing fee related to arbitration;

3. The date of the arbitration demand shall be deemed to relate back to the date of the filing of the operative Complaint (January 29, 2024), preserving all claims alleged in this action. Defendants agree that they shall not assert any new affirmative defenses as to statute(s) of limitations, laches, or any other such defense based on the timing of the filing of the arbitration demand that could not otherwise have been raised in this Court action;

4. The above-entitled action shall be stayed pending the completion of

arbitration and the Court shall retain jurisdiction over this matter pending the conclusion of the arbitration;

5. Notwithstanding number 3, by entering into this Stipulation, the Parties do not waive, and expressly reserve, all claims, defenses, and challenges in this action and in any future arbitration proceedings; and

6. This Stipulation is neither within the scope of, nor intended to be binding on, Plaintiff's separate action entitled *Aaron C Robinson v. Genpact Collections, LLC, et al.*, Los Angeles Superior Court, (Case No. 24STCV08642).

7. The Court administratively closes the case but retaining the jurisdiction to reopen the case upon application of any party.

**IT IS SO ORDERED.**

Dated: April 23, 2024

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

188170935.3

[PROPOSED] ORDER REGARDING STIPULATION TO PROCEED WITH INDIVIDUAL ARBITRATION